IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS. | § | Cause No. C-18-1339 |
| CLIFFORD LAVERNE MECHAM | § | |

## MOTION TO DISMISS INDICTMENT

**COMES NOW** the Defendant, CLIFFORD LAVERNE MECHAM ("Mecham" or "Defendant"), in the above-styled and numbered cause, by and through his attorney of record, Assistant Federal Public Defender Raquel Muñoz. The allegation in the indictment and the statutory provisions upon which it is based, are overbroad and unconstitutional, and further prosecution would be in violation of the First Amendment protection of freedom of speech. See Ashcroft v. Free Speech Coalition, 535 U.S. 234, 256 (2002). For the following good reasons, Mr. Mecham requests this Court dismiss the indictment:

**I.**

Mr. Mecham was charged by indictment with one count of possession of child pornography in violation of 18 U.S.C. § 2252A. He was arraigned on December 4, 2018. Mr. Mecham filed a written waiver of appearance for the arraignment and entered a plea of not guilty.

**II.**

**STATEMENT OF FACTS[1]**

On August 6, 2018, detectives with the Corpus Christi Police Department (CCPD) Internet Crimes Against Child (ICAC) Unit interviewed a computer repair technician regarding suspicious

---

[1]This statement of facts is derived from the criminal complaint.

pornographic files found during the troubleshooting and repair of Mr. Mecham's computer. The technician reported seeing nude bodies of adult women with morphed images of children's faces. The identity and age of the child victim was confirmed.

On September 12, 2018 CCPD ICAC detectives executed a search warrant at Mr. Mecham's property where a total of five (5) electronic devices were seized. A total of 33,303 images were found amongst the devices. All images consisted of morphing facial images of children under the age of sixteen (16) onto nude adult female bodies engaged in various forms of sexual activities and poses. When interviewed, Mr. Mecham admitted to "morphing" images of the children onto adult pornographic images and videos. Mr. Mecham was then arrested for violating Title 18 U.S.C. §2252A.

## III.

## REMEDY REQUESTED

Mr. Mecham requests this court to dismiss the indictment on the grounds that first, the images found on his electronic devices are not child pornography and therefore protected speech under the First Amendment and secondly, the images created by photo-shopping a child's head on the body of an adult engaged in a sex act does not implicate the compelling interests identified in *Ferber* and *Free Speech Coalition*, making any definition that reaches such an image unconstitutional as applied.

## IV.

## ARGUMENT

The child pornography provisions of 18 U.S.C. §§ 2252A and 2256(8) are unconstitutional as applied to Mecham, whose indictment is based on a cut-and-pasted image made without the participation of any real children and therefore protected under the First Amendment.

The First Amendment prohibits government restriction of expression based on its "its message, its ideas, its subject matter, or its content," *Ashcroft v. A.C.L.U.*, 535 U.S. 564, 573 (2002); U.S. Const. Amend. I. This protection extends even to pornographic images unless those images are: 1) obscene under the definition set forth in *Miller v. California*, 413 U.S. 15 (1973); or 2) child pornography as discussed in *New York v. Ferber*, 458 U.S. at 747. However, the authority to proscribe sexual images involving children is not unlimited. *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 250-54 (2002). The power to prescribe applies only if the image directly implicates the government's compelling interest in protecting children against abuse and exploitation. *Id.* at 250.

*Free Speech Coalition* aptly illustrates this point. In *Free Speech Coalition,* the Court struck down two provisions of the Child Pornography Protection Act of 1996, 18 U.S.C. § 2251 *et seq*. (1996) (hereinafter "CPPA"). One of those provisions, 18 U.S.C. § 2256(8)(B), banned the possession of computer-generated child pornography and depictions that "appear[ed] to be" minors engaging in sexually explicit conduct, even if the images contained only youthful-looking adults. *United States v. Williams*, 553 U.S. 285, 289 (2008) (explaining effect of *Free Speech Coalition)*. According to the Court, the provision was constitutionally overbroad because "the child-protection rationale for speech restriction does not apply to materials produced without children." *Williams,* 535 U.S. at 249-51.

Following *Free Speech Coalition*, Congress modified the definitions of child pornography. "Child pornography" now includes "any visual depiction, including any photograph, film, video, picture or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where--

> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

> (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or
> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

18 U.S.C. § 2256(8)(A) - (C). However, Congress cannot legislate around the limits of the First Amendment. Unless these new provisions, as applied to Mecham, meet the strict scrutiny required of content-based speech restrictions, they, too, must fall. *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989) (content-based restrictions on speech subject to strict scrutiny review).

Like the child pornography definition struck down in *Free Speech Coalition,* any child pornography definition that covers a photo-shopped image of a child's head on an adult body is not narrowly tailored to the compelling state interests described in *Ferber*. Because no actual children participated in the conduct portrayed in Mecham's morphed image, that image retains the protection of the First Amendment. Mecham's indictment for possession child pornography should therefore be dismissed. Because the material possessed by Mecham is protected under the First Amendment, any prosecution involving that material must pass strict scrutiny, and the Government must demonstrate that its statute is narrowly tailored to a compelling state interest.

**A. Under *Ferber* and *Free Speech Coalition*, the government's compelling interest in preventing the participation of children in sexually-explicit conduct, and its interest in eliminating lasting evidence of their participation, are the core interests that justify a prohibition on child pornography.**

While recognizing the importance of protecting children from exploitation and abuse, the Court in *Ferber* was quick to point out that "there are limits on the category of child pornography which ... is unprotected by the First Amendment." *New York v. Ferber, 458 U.S.* at 764. The Court held that New York's law, which prohibited works that "depict[ed] sexual conduct by children below a specified age," was appropriately limited to withstand strict scrutiny. *Id.* at 764.

However, "descriptions or other depictions of sexual conduct, not otherwise obscene, which do not involve *live performance or photographic or other visual reproduction of live performances*" retain First Amendment protection. *Id.* at 764-65 (emphasis added).

As stated above, the chief evil that justified the prohibition in *Ferber* was the damage that occurs when minors are forced to *participate or engage in live performances* of sexually-explicit conduct. The Court made this clear in *Free Speech Coalition*, where the government sought to go beyond the limits of *Ferber* to prohibit computer-generated images that made it appear that children were engaged in sexually-explicit conduct even when they were not, in fact, involved in the production of the material. According to the Court, "concern for the participants" is what "anchors" the holdings in *Ferber* and *Osborne v. Ohio,* 495 U.S. 103 (1990), which extended *Ferber's* reasoning to prohibit personal possession of child pornography. *Free Speech Coalition,* 535 U.S. at 250. "The *production* of the work, not its content, was the target of the statute [in Ferber]," the Court explained. *Free Speech Coalition,* 535 U.S. at 249 (emphasis added). Because "the images [were] themselves the product of child sexual abuse, *Ferber* recognized that the State had an interest in stamping it out without regard to any judgment about its content." *Id.*

When the speech "records no crime and creates no victims by its production," on the other hand, the state's interests are correspondingly weakened. *Id.* at 250. "The harm does not necessarily follow from the speech, but depends upon some unquantified potential for subsequent criminal acts." *Id.* According to the Court in *Free Speech Coalition,* "the mere tendency of speech to encourage unlawful acts is not a sufficient reason for banning it." *Id.* at 253. The Court therefore found that the CPPA's prohibition against virtual child pornography and pornography involving youthful adults was overbroad in violation of the First Amendment.

**B. An image created by photo-shopping a child's head on the body of an adult engaged in a sex act does not implicate the compelling interests identified in *Ferber* and *Free Speech Coalition*, making any definition that reaches such an image unconstitutional as applied.**

With *Ferber* and *Free Speech Coalition* as a guide, it is clear that the child pornography definitions are unconstitutional as applied to Mecham. An image like the one Mecham created does not implicate the compelling interests that justify a ban on child pornography, nor is the legislation narrowly drawn as required by *Ferber* and *Free Speech Coalition*.

At least three courts have recognized that images in which a child's head is superimposed over a pornographic photo of an adult is fundamentally different from the images that can be prohibited under *Ferber* and *Free Speech Coalition*. In *People v. Gerber,* 196 Cal.App.4th 368, 126 Cal.Rptr 3d 688 (Cal. Ct. App. Aug. 17, 2011), the defendant digitally pasted a photo of his minor daughter's head onto pornographic photos of an adult female. *Gerber*, 196 Cal.App.4th at 376. The court in *Gerber* held that *Ferber* and *Free Speech Coalition* established a rule that, "'where speech is neither obscene nor the *product of sexual abuse*, it does not fall outside of the protection of the First Amendment.' " *Gerber*, 196 Cal.App.4th at 385 (emphasis added) (quoting *Free Speech Coalition,* 535 U.S. at 250-51). According to the court:

> [T]he articulated rationales underlying both the *Ferber* and *Free Speech Coalition* decisions compel the conclusion that such altered materials are closer to virtual child pornography than to real child pornography since the use of photo editing software to replace an adult's head with a child's head on pornographic images of the adult does not necessarily involve sexual exploitation of an actual child. Although we may find such altered images morally repugnant, we conclude that the mere possession of them remains protected by the First Amendment to the United States Constitution.

*Id.* at 387 (emphasis added).

The court in *State v. Zidel,* 156 N.H.684, 940 A.2d 255 (N.H. 2008), saw in *Ferber* and *Free Speech Coalition* the same First Amendment limits that the *Gerber* court recognized. The

images in *Zidel* were created in much the same way that Mr. Mecham created his images: by taking photos of children and using photoshop technology to superimpose their faces onto the bodies of adult females engaged in sexually-explicit conduct. *Id.* at 685. When Zidel was indicted for possession of child pornography, he mounted an as-applied First Amendment challenge to his prosecution. *Id.* at 692. Zidel argued that, under *Ferber* and *Free Speech Coalition,* "materials cannot be classified as child pornography unless children are involved in the production process- not the 'post-production' process where images can be cut, pasted, and morphed." *Zidel*, 156 N.W. at 692. The New Hampshire Supreme Court agreed. According to the court, *Ferber* was concerned with preventing harm to children resulting from their use as subjects in sexual performances. *Id.* at 693. "*Possession* of materials depicting heads and necks of identifiable minor females superimposed upon naked female bodies, where the naked bodies do not depict body parts of actual children engaging in sexual activity, does not promote this interest." *Id.* Additionally, the possibility of future distribution was insufficient to remove the images from First Amendment protection. *Id* at 694.

Finally, a Florida Court of Appeals in *Parker v. State,* 81 So.3d 451 (Fla. 2d DCA 2011), held that a defendant could not be prosecuted for child pornography offenses when the images he possessed were made by cutting and pasting children's heads onto photos of adult bodies engaged in sexually-explicit conduct. The court's reasoning in *Parker* was succinct: "whether the conduct is 'actual' or, as the dissent suggests, 'simulated,' the conduct is that of an adult. The crudely constructed depictions, fortunately, leave no doubt that no child engaged in the sexual conduct." *Id.* at 453. Accordingly, the photos were not "child pornography."

Under *Ferber* and *Free Speech Coalition,* the reasoning of all three of these cases is sound. Here, no child was physically present during the production of the original photo of adults having

sex. Nor would any viewer reasonably believe that a minor child was engaged in the creation of the image, as the bodies engaged in intercourse are clearly those of adults. *See Free Speech Coalition,* 535 U.S. at 257 (fact that § 2256(8)(D) reached materials that "[were] not likely to be confused for child pornography in a criminal trial" cited as reason to strike it down). Under *Free Speech Coalition*, "where speech is neither obscene nor the *product of sexual abuse*, it does not fall outside of the protection of the First Amendment." *Free Speech Coalition*, 535 U.S. at 250-51 (emphasis added). To the extent that the child pornography statutes reach Mr. Mecham's conduct, then, they are unconstitutional as applied.

## V.
## CONCLUSION

Based on the foregoing, the Court should find that the Government has failed to demonstrate that the statute under which Mr. Mecham is being prosecuting is narrowly tailored to a compelling state interest, and therefore his prosecution cannot survive strict scrutiny. The indictment should be dismissed.

## REQUEST FOR HEARING

Counsel respectfully requests a hearing on this matter.

It is therefore **ORDERED** a hearing is scheduled for the _____ day of _____ at _____ o'clock.

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas
Texas State Bar Number 14003750
Southern District of Texas No. 3233

By /s/ Raquel Muñoz
RAQUEL MUÑOZ
Assistant Federal Public Defender
Michigan State Bar No.: P77420
Southern District of Texas No.: 2932956
606 N. Carancahua, Suite 401
Corpus Christi, Texas 78401
Telephone: (361) 888-3532
Fax:         (361) 888-3534

## CERTIFICATE OF SERVICE

I certify that on December 21, 2018 a copy of this document is to be served via CM-ECF on Assistant United States Attorney Brittany Jensen, 800 N. Shoreline, Suite 500, Corpus Christi, Texas 78401.

/s/ Raquel Muñoz
RAQUEL MUÑOZ

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS. | § | Cause No. C-18-1339 |
| CLIFFORD LAVERNE MECHAM | § | |

## ORDER

On this date came to be considered Defendant's Motion to Dismiss, and the Court is of the opinion that said Motion is meritorious and shall be, and is hereby, **GRANTED/DENIED**.

It is therefore **ORDERED** that this matter is set down for hearing on _____, 2018 at ____:_____a./p.m.

Signed on this _____ day of _____, 2018.

_____
HONORABLE JUDGE JANIS GRAHAM JACK
UNITED STATES SENIOR DISTRICT JUDGE